[Robertson, et al. v. Montgomery Baseball Association.]

# Robertson *et al. v.* Montgomery Baseball Association.

*Bill in Equity to enjoin the Issuance of Writs of Injunction.*

1. *Injuncion; will not be issued to restrain the issuance of a writ of injunction.*—A court of equity will not, for the purpose of preventing an apprehended interference with rights, grant an injunction to restrain the defendant in the pending suit from obtaining an injunction against the complainant in said suit; and a bill filed for such purpose is without equity.

APPEAL from the Chancery Court of Montgomery.

Heard before the Hon. W. L. PARKS.

The bill in this case was filed by the appellees against the appellants. The purpose of the bill and the averments of facts are sufficiently shown in the opinion. Upon filing the bill and on entering into a bond, as prescribed by order of the Chancellor, a temporary injunction was issued. The respondents filed a motion to dissolve the injunction, and to dismiss the bill for want of equity. On the submission of the cause upon these motions, the Chancellor rendered a decree overruling each of them. This appeal was prosecuted from that decree, the rendition of which is here assigned as error.

GRAHAM & STEINER, HUGH NELSON and ROBERT L. HARMON, for appellants.—"Mere apprehensions of fears on the part of the person seeking relief that the defendant may institute actions against him in the future will not warrant a court of equity in enjoining the bringing of such actions."—*High on Inj.* § 64. Nor will a court of equity grant an injunction for the purpose of preventing defendant in the injunction suit from bringing an action or an injunction against complainant in

that suit, since equity will not entertain jurisdiction on the ground that another court of competent jurisdicdicion may decide improperly.—*High on Inj.* § 64. There is no legal presumption that a temporary injunction would be granted improperly, or if granted that it would not be dissolved and defendants fully indemnified." *Wolfe v. Burke,* 56 N. Y. 115. See also *John Lester Walleck v. Society for the Reformation of Juvenile Delinquents,* 67 N. Y. 23; *Schell v. Erie Ry. Co.* 51 Barb. 368; Beech on Inj. § 644.

No counsel marked as appearing for appellee.

McCLELLAN, C. J.—The Montgomery Baseball Association and W. H. Ragland are complainants in, and W. T. Robertson, *et al.,* are respondents to this bill. It seeks injunctive relief only, and this of a character peculiar and anomalous. Its sole purpose is to prevent the respondents from interfering with the playing of baseball by the Montgomery team of the Southern League at Highland Park in the city of Montgomery under the control of Ragland as assignee of said League's "franchise" granted to the Montgomery Baseball Association. This apprehended interference is threatened, the bill shows, only by and through the means of writs of injunction which, it is averred, the respondents will endeavor to have issued on a bill or bills to be filed by them. It is averred that none of the respondents have any rights to be conserved by such bill or bills and restraining process thereon; but that they are moved thereto by suggestions of malice against the complainant or by the motive, also illegitimate, of forcing the playing of the games of ball in said League on the line of street railway of The Montgomery Traction Company, one of the respondents. The prayer of the bill is that the respondents be enjoined *from taking any steps to enjoin* the complainants, their agents, employes, etc., from playing the Montgomery games of ball of said League "arranged and under the control of the said Ragland," etc.

Of course, the averment of improper motives on the part of respondents is not of importance. If they have rights requiring to their conservation the injunctive arm of the chancery court, that relief will not be denied merely because they are moved to the invocation of that jurisdiction by malice or some improper consideration: "The law does not inquire into the motives which lead a man to do what he has a right to do."—*Clark v. Clapp,* 14 R. I. 248: "It is said that the plaintiff sues at the instigation of the General Navigation Company, but the courts look to the rights and not the motives of parties."—*Coleman v. Railway Co.,* 10 Beavan, 1, 12.

Leaving, therefore, the averment as to respondent's motives to one side, when they shall come to a circuit or city judge, or chancellor with their bill or bills and apply for an injunction against these complainants in respect of the playing of said games of baseball, the sole inquiry will be whether they show themselves entitled to that relief. If they are entitled to it, they should not be enjoined against praying for it. If, as this bill undertakes to show, they have no case entitling them to such injunction, it is not to be assumed that the writ will be awarded, but to the contrary. Assuming that the present bill shows, as its allegations are intended to show, that these respondents have no right to an injunction against the playing of ball by Ragland under present arrangements, it is manifest that the only danger which can possibly, in point of fact, threaten the rights of the complainants is the danger of some high judicial officer of the State erroneously and improperly ordering the writ of injunction in a case and upon facts which do not warrant such a decree; and in legal contemplation that is no danger at all. Courts should not, and cannot properly, proceed, upon the theory that other courts or judges will act erroneously, or exercise their discretion, when that is appealed to, ill advisedly or improperly. Thus it is said by Mr. High: "It is to be observed, however, that mere apprehension or fears on the part of the person seeking relief that the defendant may institute actions against him in the future will not warrant a court of equity in enjoining the bringing of such ac-

tions. Nor will a court of equity powers grant an injunction for the purpose of preventing a defendant in the injunction suit from bringing an action for injunction against complainant in that suit, since equity will not entertain jurisdiction upon the ground that another court of competent jurisdiction may decide improperly."—1 High on Injunctions, § 64; *Wolfe v. Burke,* 56 N. Y. 115; *Wallack v. Society for the Relief of Juvenile Delinquents,* 67 N. Y. 23; *Dayton v. Rolf,* 34 Wis. 86; *Schell v. Erie Ry. Co.,* 51 Barb. 368.

The bill before us, proceeding, as it does, alone on the theory that complainants will suffer irreparable injury from erroneous and improper judicial action upon prayer for injunction in bills which respondents threaten to file, and seeking only injunctive relief forestalling such · apprehended future miscarriage of justice and maladministration of law, presents no case of equitable cognizance. The injunction issued on the filing of the bill should have been dissolved for want of equity in the bill, and the motion to dismiss the bill for want of equity should have been granted.

We have not at all considered the ultimate merits of the controversies between these parties indicated in the pleadings shown by the transcript.

The decree refusing to dissolve the injunction and the decree overruling the motion to dismiss the bill for want of equity will be reversed; and a decree will be here entered dissolving the injunction and dismissing the bill.

Reversed and remanded.