(88 South. 585)

**HODGE et al. v. ALABAMA WATER CO.**
(7 Div. 109.)

(Supreme Court of Alabama.    April 7, 1921.)

**I. Injunction** ⬤═118(2)—Bill to enjoin collection of increased water rates should allege interest of complainants.

In suit by a hotel company and its lessee to enjoin collection of a water rate in excess of the hotel company's contract, the bill was defective in not showing clearly what interest, if any, the hotel company had in the suit, except that it owned a hotel leased to the other complainant, that it had a contract for water with defendant, and that it was assignor and the other complainant assignee of the water contract.

**2. Injunction** ⬤═114(2)—Hotel company held properly joined as complainant with its lessee in suit to enjoin collection of increased water rates.

In suit by a hotel company and its lessee to enjoin collection of a water rate in excess of the hotel company's contract, the hotel company, being lessor of its hotel and assignor of the water contract to its lessee, could be joined as complainant with its lessee and assignee, with its consent, which, as it was a complainant, would be presumed to have been given.

**3. Waters and water courses** ⬤═203(12)—Public Service Commission has exclusive jurisdiction to fix reasonable water rates.

The court has no jurisdiction to determine that a water rate is unreasonable and to fix what would be a just and reasonable rate; the Public Service Commission having that exclusive authority and jurisdiction, under Acts 1915, p. 865.

**4. Specific performance** ⬤═114(2) — Bill for specific performance of water contract held defective in not setting out contract clearly.

A bill to require a water company to supply complainants at rates fixed by contract *held* insufficient as a bill for specific performance, in not setting out the contract in full or even in substance, in not showing when the contract was to begin or end, in not averring its continued existence, and in that the only breach averred was that the water company presented bills for more than the contract rate and refused to accept the contract price when tendered.

**5. Waters and water courses** ⬤═203(12) — Complainants not entitled to injunction against increased water rates where no threat to shut off water.

Complainants were not entitled to injunction against increased water rates where they were receiving the water, and, although defendant would not accept the contract rate therefore, but presented monthly bills for more than complainants' contract permitted, no suit had been filed for it nor was there any pleading that the water supply had been shut off or notice given that it would be shut off or that defendant was taking steps to carry out this purpose and that irreparable injury would result unless injunction were granted; although, if such facts had been averred, a temporary injunction should issue, complainants having tendered and deposited in court the contract price for the water.

**6. Injunction** ⬤═118(3) — Allegation that defendant "claims the right to" do the act sought to be enjoined not sufficient showing of threat to do it.

A bill for injunction, not alleging that defendant has stated it will do the act sought to be enjoined, nor averring any fact showing that defendant will probably do it, but simply averring that defendant "claims the right to"

do the act, is insufficient to support an injunction; but there must be facts alleged showing a reasonable apprehension of the intent or probable intent, or probable purpose of defendant to do the act.

**7. Discovery ⬥70—Interrogatories in suit to enjoin increased water rates held irrelevant to issues.**

In suit to enjoin increased water rates, it was not error to refuse to enter decree pro confesso against defendant water company, under Code 1907, §§ 4049, 4054, 4055, for its failure to answer interrogatories propounded by complainants calling for the number of its customers, the value of its property, the assessed value, and its income and profits, as the facts called for would shed no light on any material issue tendered by the bill.

Appeal from Circuit Court, Calhoun County; A. P. Agee, Judge.

Bill by H. L. Hodge and the Anniston Hotel Company against the Alabama Water Company to enjoin the collection of a water rate in excess of the contract price. From a decree sustaining demurrers to the bill, complainants appeal. Affirmed.

Ross Blackmon and J. B. Holman, Jr., both of Anniston, for appellants.

The bill contains equity, and the demurrers thereto confess all the facts well pleaded. 130 Ala. 384, 30 South. 445; 180 Ala. 322, 60 South. 900; 191 Ala. 457, 67 South. 613, L. R. A. 1915D, 1086; 201 Ala. 141, 77 South. 565; 167 Ala. 448, 52 South. 463; 167 Ala. 587, 52 South. 845; 169 Ala. 628, 53 South. 905; 171 Ala. 470, 54 South. 598, 32 L. R. A. (N. S.) 522. Complainants are without a complete and adequate remedy at law. 201 Ala. 141, 77 South. 565; 198 Ala. 535, 73 South. 905; 104 Ala. 263, 16 South. 711; 1 Pom. §§ 138 and 180; 142 Ala. 214, 37 South. 828; 144 Ala. 505, 39 South. 383. The chancery court has jurisdiction to fix and determine a reasonable and just rate, and to specifically enforce the contract.

Knox, Acker, Dixon & Sterne, of Anniston, for appellee.

The bill is without equity as a bill for injunction and specific performance. 141 Ala. 348, 37 South. 388, 109 Am. St. Rep. 30, 3 Ann. Cas. 965; 141 Ala. 642, 37 South. 682, 3 Ann. Cas. 981; 22 Cyc. 728; 14 R. C. L. 354. The power to fix rates lies in the Alabama Public Service Commission. Acts 1915, p. 865. There is a misjoinder of complainant. 5 Michie's Dig. § 80.

MILLER, J. H. L. Hodge and the Anniston Hotel Company (a corporation) file this bill against the Alabama Water Company, a body corporate.

The bill avers that on the 20th of June, 1910, the Anniston Hotel Company made a contract with the Anniston Water Supply Company to furnish it or its lessees or assigns all water needed for any and all purposes in and about the operation of the Alabama Hotel. The bill does not aver in substance this contract or set it out in hæc verba.

The bill states the water was to be paid for as per schedule for monthly consumption in words and figures as follows: From 10 cents per 100 cubic feet for first 10,000 cubic feet graded down to 4½ cents per 100 cubic feet for the tenth 10,000 cubic feet, etc. Then the schedule contains the following:

"Provided, however, that the minimum charge per month for any one railroad or manufacturer using water through a meter shall be as follows:

| ⅝″ or ¾″ meter | | $ 2.50 |
|---|---|---|
| 1″ | " | 5.00 |
| 1½″ | " | 10.00 |
| 2″ | " | 12.00 |
| 3″ | " | 15.00 |
| 4″ | " | 20.00 |
| 6″ | " | 25.00" |

The complainants aver that defendant for the months of January, February, and March, 1918, sent the bill for water used at a higher rate per cubic foot than for the previous six months. The amount claimed is more than the contract calls for. The rates were increased by the defendant. The bill also avers that the defendant is attempting unfairly and unjustly to collect from H. L. Hodge more than the contract rates for said three months, and that said Hodge tendered defendant the amount due it for said three months as per contract price, that defendant refused it, and that the money was deposited by him in this court with this bill of complaint.

The Anniston Hotel Company constructed the Alabama Hotel containing 114 rooms—in the city of Anniston. It leased the Alabama Hotel to H. L. Hodge. He is in possession of it, and running a hotel. This lease is not set out in the bill. There is nothing in the bill to show what interest, if any, the Anniston Hotel Company has under its lease in the Alabama Hotel or in the water contract, under its lease with H. L. Hodge. It does not give the date of this lease—whether made before or after the water contract of June 20, 1910.

The bill avers that the defendant is discriminating among its customers; that it is charging some under the schedule of rates set out under the contract with the complainants and tendering bills for water to complainant Hodge at a rate higher than the contract. It also avers that complainants are "only liable to it for just and reasonable compensation for its water supply that is now being consumed at the Hotel Alabama."

The bill also avers that defendant "claims to have the right to suspend its service at

the Alabama Hotel and to shut off its water supply in the event that complainant Hodge should fail to pay its rate for water service at said hotel at the rate demanded by it"; and that a "suspension of the water supply would cause irreparable loss and injury, as there is no other supply of water available in the city of Anniston for their use."

The bill seeks by its prayer:

(1) Injunction "restraining them and each of them from further efforts to collect the unjust and discriminatory rates as mentioned in this bill until further ordered by the court. (2) That the court proceed to determine that the above and foregoing rate sought to be collected of complainants by the respondents, to be an unreasonable and discriminating rate, and that said rate, in so far as it applies to those complainants as set up in said bill, be annulled, and that said respondents be denied the right to collect from these complainants for water supplied to them at a greater compensation therefor than would be just and reasonable, and that they be directed and required to supply complainants their water, at the rates fixed and established in paragraph 5 of the contract for quantity rates, as fully set out in complainants' foregoing bill." (3) To determine that the rates sought to be collected are unreasonable and discriminatory, and "they be directed and required to supply complainants their water at the rates fixed and established in paragraph five of the contract for quantity rates, as fully as set out in complainants' foregoing bill."

The defendants demurred to the bill. It was sustained by the court. This decree is assigned as error.

[1, 2] This bill does not show clearly what interest, if any, the Anniston Hotel Company has in this suit, except it owns the "Alabama Hotel," leased it to H. L. Hodge, and it had contract for water with the defendant, and it is lessor and H. L. Hodge is lessee of the hotel, and it is assignor and H. L. Hodge is assignee of the water contract with defendant. The bill should declare the exact interest of each. The Anniston Hotel Company, being lessor of the hotel and assignor of the water contract, may be joined as complainant with H. L. Hodge, the lessee and assignee, with its consent. It being one of the complainants, its consent will be presumed to have been given. As lessor and assignor it is connected with the subject-matter of this suit. Blevins v. Buck, 26 Ala. 292; Broughton v. Mitchell, 64 Ala. 210; Morris v. Southern Realty & Con. Co., 203 Ala. 600, 84 South. 809.

[3] An act approved September 25, 1915 (Gen. Acts 1915, p. 865), reads in part as follows:

"The Alabama Public Service Commission * * * shall have and exercise exclusive jurisdiction, supervision and authority over the rates and charges, with full power to regulate, supervise and control said rates and charges, of all * * * water companies * * * or water power companies, * * * operating or doing business for hire in this state, either as a person, firm or corporation * * * the Alabama Public Service Commission * * * shall * * * prescribe and enforce against such persons, firms or corporations such rates and charges as may be reasonable and just, and shall require such persons, firms or corporations to establish and maintain such rates and charges as may be reasonable and just, which said rates and charges the commission may from time to time alter and amend; * * * provided further that nothing herein shall be construed to affect any valid subsisting contract now in existence; and provided further that nothing herein shall be construed to affect any future contract entered into by and between any municipality and such person, firm or corporation."

The complainants seek to have the court determine that "the rate sought to be collected of complainants by the respondents to be an unreasonable and discriminating rate, and that said rate, in so far as it applies to these complainants as set up in said bill, be annulled, and that respondents be denied the right to collect from those complainants for water supplied to them at a greater compensation therefor than would be just and reasonable, and they be directed and required to supply complainants their water at rates fixed and established in paragraph 5 of the contract for quantity rates as fully set out in complainants' foregoing bill. The court has not jurisdiction in this bill to determine that the rate sought to be collected by defendant of complainants for water is unreasonable and to fix what would be a just and reasonable rate in the future therefor, as prayed in the bill. The Alabama Public Service Commission has that exclusive authority and jurisdiction. If this is a bill to fix a just and reasonable rate for water between complainants and defendants, as is indicated by the prayer of the bill and some of the bill's averments, then there is no equity therein. That authority is given to the Alabama Public Service Commission.

[4] If this is a bill for specific performance of the water contract between complainants and defendant, as some of the averments intimate and as the following part of the prayer indicates: "And that they (defendant) be directed and required to supply complainants their water at rates fixed and established in paragraph 5 of the contract for quantity rates as fully set out in the complainants' foregoing bill"—then it would be defective as such. The bill does not set out the contract in full or even in substance. The bill does not set out the contract in hæc verba. Before a court can enforce a contract, the bill must accurately aver all of its terms and conditions. This bill does not show when the contract begins or ends. It avers a contract was made June 20, 1910. It does not aver the contract is still in ex-

istence. The only breach averred is that it (water company) presented bills for water for three months for more than the contract allowed, and it refused to accept the contract price for water, tendered it by complainants. This bill does not aver facts entitling complainants to specific performance of the contract. The contract is not clearly averred. "It must be distinctly alleged." Derrick v. Monette, 73 Ala. 75; Carlisle v. Carlisle, 77 Ala. 339.

If there is a valid contract between complainants and defendant, then those rates therein would govern. If there is no valid contract, then the Alabama Public Service Commission would have exclusive jurisdiction to fix a just and reasonable rate for the future. Acts 1915, p. 865; Texas Pac. Ry. Co. v. A. Cotton Oil Co., 204 U. S. 426, 27 Sup. Ct. 350, 51 L. Ed. 553, 9 Ann. Cas. 1075.

[5, 6] Now, are complainants under the allegations of the bill entitled to an injunction? They are getting the water for the hotel. They have the money, the amount due for the water under the contract, ready for defendant. The defendant will not accept it, but wants more, and presented monthly, for three months, bills for more than the contract permits. No suit has been filed for it. If suit should be brought, and there was a valid contract, the price fixed therein would govern. They have a legal defense for all claimed over and above the contract price. If there is no legal contract, then defendant could recover only a reasonable price for the water used. The bill does not aver that its water supply has been shut off or that defendant has given notice that it will be shut off, and was taking steps to carry out this purpose, if "the unjust and unreasonable"—more than the contract calls for—charges were not paid, and that irreparable injury would result to the complainants' hotel business unless an injunction was granted. If such facts were averred in connection with the other allegations of the bill, a temporary injunction should issue; the complainants having tendered and deposited in court the contract price for the water. City of Montgomery v. Greene, 180 Ala. 322, 60 South. 900; Smith v. B'ham. Water Wks., 104 Ala. 315, 16 South. 123.

The bill avers that defendant "claims to have the right to suspend its service at the Alabama Hotel and shut off its water supply in the event that complainant Hodge should fail to pay its rate for water service at said hotel at the rate demanded of it," and "that a suspension of the water supply would cause irreparable loss and injury, as there is no other supply of water available in the city of Anniston for their use."

The bill does not allege defendant stated it would cut off the supply of water if the rate demanded was not paid. It avers no fact showing defendant intended to do it. It avers no fact that it would probably do it. It simply avers the defendant "claims the right to suspend its service at the hotel," if the rate demanded of it is not paid. No fact showing an intent, or purpose, on the part of the defendant, to suspend the service is averred. It may "claim the right to suspend the service," but have no probable intent or purpose to do so. There must be facts alleged showing a reasonable apprehension of the intent or probable intent, or probable purpose of defendant to cut off the water supply to the hotel for nonpayment of the wrongful and excessive charges before a temporary injunction should issue. It does not aver that they even apprehend that defendant will cut off its water supply; they simply aver that defendant "claims the right to do it." This is not sufficient. Robertson v. Montgomery Baseball Assn., 141 Ala. 348, 37 South. 388, 109 Am. St. Rep. 30, 3 Ann. Cas. 965; Weller v. City of Gadsden, 141 Ala. 642, 37 South. 682, 3 Ann. Cas. 981.

The demurrers to the bill of complaint as amended were properly sustained by the court.

[7] The complainants propounded interrogatories to the defendant. The defendant answered some and declined to answer others. The complainant requested the court to enter decree pro confesso against defendant for failing to answer all of the interrogatories. This the court by decree refused, and it is also assigned as error. These unanswered interrogatories called for the number of its customers, the value of property, the assessed value, the income and the profits, etc., of the defendant. These facts called for by these questions would shed no light on any material issue tendered by the bill in this cause. The court did not err in refusing to enter decree pro confesso against the defendant. Sections 4049, 4054, and 4055, Code 1907; Gray v. Perry Hdw. Co., 111 Ala. 532, 20 South. 368.

We find no error in the record.

Affirmed.

ANDERSON, C. J., and SAYRE, J., concur.

GARDNER, J., concurs in result.