**CHITTENDEN & EASTMAN COMPANY, Plaintiff and Respondent,**

v.

**Jack C. SMITH, Defendant and Appellant.**

No. 12472.

Supreme Court of South Dakota.

Submitted on Briefs Oct. 12, 1979.

Decided Dec. 19, 1979.

A. Thomas Pokela of Braithwaite & Cadwell, Sioux Falls, for plaintiff and respondent.

Patrick J. Kirby of Kirby & Kiner, Mitchell, for defendant and appellant.

HENDERSON, Justice.

### ACTION

This is an appeal from the circuit court's entry of default judgment in the amount of $16,140.25 in favor of plaintiff and against defendant for failure to answer interrogatories within the time required pursuant to a court discovery order. The circuit court struck defendant's answer in toto, resulting in plaintiff's default judgment. We reverse and remand.

### FACTS

On February 18, 1975, plaintiff commenced action against defendant for recovery on a note issued by a third party unto plaintiff. Plaintiff's suit was for $12,410.55 plus interest, alleging that defendant had guaranteed the note. Defendant answered with a general denial and fourteen affirmative defenses. On August 10, 1975, plaintiff's attorney served a single set of thirty-seven interrogatories. Upon defendant's failure to answer such interrogatories, on December 5, 1975, plaintiff moved for an order to strike defendant's answer and affirmative defenses. Following a hearing on December 19, 1977, the court issued an order on December 28, 1977, requiring defendant to answer the interrogatories on or before January 9, 1978, as stipulated between the parties. The court imposed costs of $250.00. The circuit court indicated that if defendant did not answer the interrogatories by January 9, 1978, plaintiff could introduce such motions as it deemed necessary. Defendant did not meet the January 9, 1978 timetable but the record reflects that the answers were mailed to plaintiff's attorney on January 11, 1978. Obviously, there was a crossing in the mail of these answers, for on January 12, 1978, plaintiff's counsel again served and filed a motion to strike defendant's answer and affirmative defenses for defendant's failure to comply with the court's discovery order. The answers to the interrogatories were not all complete and many were answered with this notation: "Defendant is without specific information and knowledge to answer the question." It appears that some of the interrogatories called for legal conclusions; others called for information that was not within the immediate knowledge of the defendant or his counsel. In fact, counsel for

defendant indicated that part of the records instrumental in the lawsuit were in the hands of an attorney in Belle Fourche, South Dakota, and that many bank records would have to be thoroughly searched in order to supply the information. The record reveals that defendant traveled to Belle Fourche, over three hundred miles away, in an attempt to obtain such information.

Absent any hearing on plaintiff's motion, the court issued an order striking defendant's answer and affirmative defenses. Thereafter, plaintiff's counsel prepared and signed an affidavit of default on January 23, 1978. On January 31, 1978, plaintiff's counsel sent to defendant's counsel a notice of intention to take default judgment, scheduling the application to be heard on February 6, 1978. Following a hearing with both counsel present, the court entered a judgment for plaintiff in the amount of $16,140.25 which included principal, interest, costs, and an award of $250.00 attorney's fee by way of terms.

## ISSUE

Was the sanction imposed by the circuit court, under SDCL 15–6–37, an abuse of its broad discretion granted thereunder?

## DECISION

We hold that the sanction was too severe and the circuit court abused its discretion. SDCL 15–6–37 is adopted from Fed.R.Civ.P. 37. This rule is flexible and allows a trial judge broad discretion with regard to sanctions imposed thereunder for failure to comply with discovery orders. Although the trial judge's latitude in penalizing failure to comply is broad, it is not limitless. *Bon Air Hotel, Inc. v. Time, Inc.*, 376 F.2d 118 (5th Cir. 1967), *cert. denied*, 393 U.S. 815, 89 S.Ct. 225, 21 L.Ed.2d 179 (1968). Orders imposing sanctions are generally appealable, but in any event are reviewable on appeal from a final judgment, and the appellate court will reverse if it considers that the trial court abused its discretion. 8 Wright & Miller, Federal Practice and Procedure: Civil § 2284 at 765 (1970). The mere failure to comply with an

order to answer brings the discretionary sanctions of Rule 37 into play, but the reason for the failure to disclose is an important consideration in determining what sanction to impose.

Entry of a default judgment, however, is one of the most severe of all the sanctions available and is only to be resorted to when the "failure to comply has been due to . . . willfulness, bad faith, or any fault of petitioner." *Societe Internationale v. Rogers*, 357 U.S. 197, 212, 78 S.Ct. 1087, 1096, 2 L.Ed.2d 1255, 1267 (1958). *See also Nat. Hockey League v. Metro Hockey Club*, 427 U.S. 639, 96 S.Ct. 2778, 49 L.Ed.2d 747 (1976); *General Dynamics Corp. v. Selb Manufacturing Co.*, 481 F.2d 1204 (8th Cir. 1973), *cert. denied*, 414 U.S. 1162, 94 S.Ct. 926, 39 L.Ed.2d 116 (1974). These drastic sanctions under Rule 37 are not authorized, however, when the failure to comply is the result of inability rather than willfulness or bad faith. *Societe Internationale v. Rogers*, supra. Although dismissal and judgment by default are provided for by Rule 37(b) (SDCL 15–6–37(b)), these drastic remedies should be applied only in extreme circumstances, and should not be liberally implemented in order to eliminate the actual trial of cases. *Sapiro v. Hartford Fire Insurance Company*, 452 F.2d 215 (7th Cir. 1971).

Rule 37(b) is designed to empower the court to compel production of evidence by the imposition of reasonable sanctions, and not as punishment for general misbehavior. *Dorsey v. Academy Moving & Storage, Inc.*, 423 F.2d 858 (5th Cir. 1970). "Dismissal and entry of a default judgment should be the rare judicial act." *Edgar v. Slaughter*, 548 F.2d 770, 773 (8th Cir. 1977). Where an alternative, less drastic sanction would be just as effective, the court should utilize it first. *Erling v. Haman*, 144 N.W.2d 215 (N.D.1966). The record does not indicate that consideration was given to the imposition of less severe sanctions, or that defendant's failure to comply was willful or in bad faith.

The severity of the sanctions imposed should be tempered by a considera-

tion of the equities of the situation. *Williams v. Krieger*, 61 F.R.D. 142 (D.C.N.Y. 1973). In this case, plaintiff did not begin to actively pursue his cause of action for nearly three years after commencing the action, which was nearly four years after the alleged cause of action arose. Defendant did attempt to answer the interrogatories, but was unable to fully complete them due to inaccessibility of the records. His failure to comply was the result of his inability, not a willful or bad faith abuse of the discovery process. Inability to comply should not preclude him from his day in court. On remand, the trial court may consider the imposition of less extreme sanctions set forth in SDCL 15–6–37(b)(2)(A)–(E).

Accordingly, the case is remanded to the trial court with instructions to reinstate defendant's affirmative defenses and answers, and to take such other action as it deems proper and consistent with this opinion. The previous sanction for assessment of costs and attorney fees of $250.00 awarded to plaintiff shall stand.

All the Justices concur.