**Dan and Donna TANK, Plaintiffs and Appellees,**

v.

**George and Jane MUNSTEDT, Defendants and Appellants.**

**No. 17975.**

Supreme Court of South Dakota.

Considered on Briefs Jan. 14, 1993.

Decided Aug. 18, 1993.

Rodney W. Schlauger of Bangs, McCullen, Butler, Foye & Simmons, Rapid City, for plaintiffs and appellees.

William M. Rensch, Rapid City, for defendants and appellants.

PER CURIAM.

George and Jane Munstedt (Munstedts) appeal the circuit court's affirmance of the magistrate court's summary judgment for Don and Donna Tank (Tanks) in their action for breach of contract, negligence and fraud. We reverse and remand.

FACTS

In February 1990, Tanks commenced a small claims action against Munstedts seeking a refund for the purchase price of some allegedly inferior hay. On March 16, 1990, Munstedts filed a motion demanding that the action be tried by a jury in accor-

---

dance with SDCL 15–39–57 *. *See also, Kneeland v. Matz* 388 N.W.2d 890 (S.D. 1986) (defendants in small claims actions have right to remove actions to magistrate court for jury trial). As a result, the small claims court entered an order transferring the action to the formal side of magistrate court for a jury trial.

After the transfer for jury trial, Tanks served a formal summons and complaint on Munstedts. Tanks pled causes of action for breach of contract, negligence and fraud. Munstedts answered on May 10, 1990. On March 28, 1991, Tanks served Munstedts with numerous interrogatories and a set of five requests for admissions. Thirty days then elapsed without service of Munstedts' answers to the requests for admissions. Munstedts' attorney later claimed oversight in answering the requests for admissions because the requests were interspersed among the various interrogatories.

On July 2, 1991, Tanks served a motion for summary judgment. Tanks asserted that Munstedts' failure to answer or object to their requests for admissions within thirty days resulted in conclusive admissions of the matters raised in the requests under SDCL 15–6–36(a) and 15–6–36(b). SDCL 15–6–36(a) provides in part:

> The matter is admitted unless, within thirty days after service of the request, or within such shorter or longer time as the court may allow, the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter, signed by the party or by his attorney[.]

SDCL 15–6–36(b) provides in part that, "[a]ny matter admitted under this rule is conclusively established unless the court on motion permits withdrawal or amendment of the admission."

---

* In March 1990, SDCL 15–39–57 (1984 Rev.) provided in part:

> No party to an action under the procedure shall be entitled to an appeal to the circuit court. In lieu thereof, defendant may, two days prior to the date upon which he is notified to appear or answer, file in the court or with the magistrate in which the action is

In support of their motion for summary judgment, Tanks argued that the conclusive admissions created by the above provisions settled all material issues of fact in the case and they were entitled to a judgment on the merits as a matter of law.

On July 5, 1991, Munstedts served a motion to permit late service and filing of their answers to the requests for admissions. Both Tanks' summary judgment motion and Munstedts' motion were heard by the magistrate court on July 15, 1991. On August 14, 1991, the magistrate court entered summary judgment for Tanks along with an order denying Munstedts' motion to permit late filing of answers.

On August 28, 1991, Munstedts filed a notice of appeal of the magistrate court's summary judgment and order with the circuit court. On April 28, 1992, the circuit court entered its order affirming the summary judgment and the denial of the motion to permit late filing of the answers to the requests for admissions.

Munstedts appeal to this court. They raise two issues on appeal. Inasmuch as we find Munstedts' claim of error in the denial of their motion to permit late filing of the answers to the requests for admissions dispositive of this appeal, it is unnecessary to address the other issue.

### ISSUE

DID THE MAGISTRATE COURT ABUSE ITS DISCRETION IN DENYING MUNSTEDTS' MOTION TO PERMIT LATE FILING OF THEIR ANSWERS TO TANKS' REQUESTS FOR ADMISSIONS?

The magistrate court denied Munstedts' motion to permit late filing of their answers to Tanks' requests for admissions on the following basis:

> pending, a claim of trial by jury and his affidavit that there are issues and questions of fact being litigated that are so complex or important that the parties cannot be adequately protected without the procedure of a formal trial, with specifications of the same, and that such trial is intended in good faith.

[S]ince [Munstedts] did, on or about March 16, 1991 file a Claim of Trial by Jury, which was allowed, followed by [Tanks] filing a formal Summons and Complaint, which required [Tanks] to employ an attorney, and the court, therefore, being of the opinion that in considering [Munstedts'] motion to permit withdrawal they should be held to [strictly] comply with procedural requirements, which they failed to do by not responding to [Tanks'] Demands for Admissions within 30 days, that therefore [Munstedts'] Motion should be, and the same is hereby, denied.

Munstedts argue that the magistrate court's denial of their motion because they failed to strictly comply with the rules of procedure represents application of an inappropriate legal standard for consideration of the motion and an abuse of discretion. We agree.

■ At the outset, we view Munstedts' motion to permit late filing of their answers to the requests for admissions as tantamount to a motion for withdrawal or amendment of the admissions. *See, Warren v. International Broth. of Teamsters, Etc.*, 544 F.2d 334 (8th Cir.1976) (allowing late filing of answers to request for admissions equivalent to allowing party to withdraw admissions made by operation of Rule 36(a)). In that regard, SDCL 15–6–36(b) provides in pertinent part:

> Subject to the provisions of § 15–6–16 governing amendment of a pretrial order, the court may permit withdrawal or amendment *when the presentation of the merits of the action will be subserved thereby and the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice him in maintaining his action or defense on the merits.* (emphasis added).

In addressing the Federal counterpart to this rule (Fed.R.Civ.P. 36(b)), which is virtually identical to SDCL 15–6–36(b), the United States Circuit Courts of Appeal have generally held that:

> [W]hile the district court has considerable discretion over whether to permit withdrawal or amendment of admissions, that discretion must be exercised within the bounds of this two-part test: 1) the presentation of the merits must be subserved by allowing withdrawal or amendment; and 2) the party that obtained the admissions must not be prejudiced in its presentation of the case by their withdrawal.

*American Auto. Ass'n v. AAA Legal Clinic*, 930 F.2d 1117, 1119 (5th Cir.1991). *Accord, Farr Man & Co., Inc. v. M/V Rozita*, 903 F.2d 871 (1st Cir.1990); *Donovan v. Carls Drug Co., Inc.*, 703 F.2d 650 (2nd Cir.1983); *Warren, supra. See also, Allied Gas v. Federated Mut. Ins. Co.*, 332 N.W.2d 877 (Iowa 1983). A trial court's decision on a motion to withdraw admissions is reviewed under the abuse of discretion standard of review. *American Auto. Ass'n, supra; Farr Man & Co., Inc., supra.*

Applying these standards, there can be little doubt that presentation of the merits of the action would have been served by permitting withdrawal of Munstedts' admissions inasmuch as the admissions themselves resulted in summary judgment for Tanks. Trial of the action on the merits was eliminated. This court, however, has previously expressed its preference that matters be resolved on their merits and not on technical violations of the discovery rules.

Recently, in *Aberle v. Ringhausen*, 494 N.W.2d 179 (S.D.1992), we reversed a trial court's dismissal of a case as a sanction for nonresponse to a discovery order. We reached that result despite the nonresponding party's "flagrant disregard of the trial court's direct order to respond to [a] request to produce [documents]." *Aberle*, 494 N.W.2d at 183, n. 3. The result in *Aberle* was premised on our previous decision in *Chittenden & Eastman Co. v. Smith*, 286 N.W.2d 314 (S.D.1979) where the trial court struck the defendant's answer and entered a default judgment in favor of the plaintiff due to the defendant's failure to answer interrogatories. In reversing the default judgment, we stated, "[a]lthough dismissal and judgment by de-

fault are provided for by Rule 37(b) (SDCL 15–6–37(b)), these drastic remedies should be applied only in extreme circumstances, *and should not be liberally implemented in order to eliminate the actual trial of cases.*" *Chittenden*, 286 N.W.2d at 316 (emphasis added). *See also, Wasserburger v. Consolidated Management Corporation*, 502 N.W.2d 256 (S.D.1993) (less drastic alternatives should be employed in sanctioning noncompliance with discovery procedures than denying a party's day in court).

Although *Aberle* and *Chittenden* were decided in the context of nonresponse to interrogatories and requests to produce documents rather than nonresponse to requests for admissions, we find the emphasis those holdings place on the importance of the actual trial of cases no less applicable here. It is also consistent with the purposes of the provisions of Rule 36(b) allowing withdrawal or amendment of admissions: "Provision is made for withdrawal or amendment of an admission. This provision emphasizes the importance of having the action resolved on the merits, while at the same time assuring each party that justified reliance on an admission in preparation for trial will not operate to his prejudice." *Farr Man & Co., Inc.*, 903 F.2d at 876 (quoting Fed.R.Civ.P. 36(b), Advisory Committee's Note).

Here, Tanks failed to show prejudice sufficient to warrant the magistrate court's denial of Munstedts' motion to withdraw their admissions. In its review of the prejudice issue, the circuit court referenced the prejudice to Tanks of having to go to trial and develop evidence on the matters admitted. Tanks similarly argue on appeal that they would suffer prejudice in the cost, time and delay occasioned by being required to prove the items otherwise admitted. This is not, however, the kind of prejudice contemplated by the provisions of Rule 36(b) concerning the withdrawal of admissions. "Courts have usually found that the prejudice contemplated by Rule 36(b) relates to special difficulties a party may face caused by a sudden need to obtain evidence upon withdrawal or amendment of an admission." *American Auto. Ass'n*, 930 F.2d at 1120.

[The] prejudice contemplated by the Rule is not simply that the party who initially obtained the admission will now have to convince the fact finder of its truth. Rather, it relates to the difficulty a party may face in proving its case, e.g., caused by the unavailability of key witnesses, because of the sudden need to obtain evidence with respect to the questions previously answered by the admissions.

*Farr Man & Co., Inc.*, 903 F.2d at 876 (quoting *Brook Village N. Assocs. v. General Elec. Co.*, 686 F.2d 66, 70 (1st Cir. 1982)).

This was a relatively simple lawsuit originally commenced in small claims court. Although Munstedts' counsel clearly erred by inadvertently failing to respond to Tanks' requests for admissions in a timely fashion, as soon as that error was discovered it was rectified with the filing of the answers and an appropriate motion for withdrawal of the default admissions. There is no indication in the record that the motion was made on the eve of trial as so often occurs. Most importantly, Tanks fail to point to any lack of time before trial to obtain the evidence or witnesses necessary to maintain their action. Therefore, we conclude that no prejudice would have been suffered by Tanks in being required to pursue their action on the merits. Accordingly, we find that the magistrate court abused its discretion in denying Munstedts' motion to withdraw their admissions.

We reverse and remand to the circuit court with instructions to remand this matter to the magistrate court for further proceedings.

MILLER, C.J., and WUEST, HENDERSON, SABERS and AMUNDSON, JJ., participating.