Sylvia VAN ZEE, Plaintiff
and Appellant,

v.

Thomas A. REDING and Sioux Falls Physical Therapy Center, Defendants and Appellees.

No. 16342.

Supreme Court of South Dakota.

Considered on Briefs Jan. 13, 1989.

Decided March 1, 1989.

Steven L. Jorgensen, Sioux Falls, for plaintiff and appellant.

Carleton R. Hoy, Sioux Falls, for defendants and appellees.

PER CURIAM.

Sylvia Van Zee (Van Zee) appeals the dismissal of a medical malpractice action

she brought against Thomas Reding (Reding) for allegedly fracturing her finger during physical therapy. Van Zee contends that the trial court erred in dismissing her action on the basis of her failure to retain an expert witness in the case. However, Van Zee has totally ignored the fact that the issue concerning failure to retain an expert witness was raised in a separate motion for summary judgment which was not ruled upon by the trial court.* The motion to dismiss was based upon the failure of Van Zee's counsel to respond to court ordered discovery by answering a set of interrogatories. Therefore, our review focuses on the propriety of a dismissal on this foundation.

 SDCL 15–6–37(d) provides in pertinent part:

> If a party ... fails ... to serve answers or objections to interrogatories submitted under § 15–6–33, after proper service of the interrogatories, ... the court in which the action is pending on motion may make such orders in regard to the failure as are just....

Under the federal counterpart to this rule (Fed.R.Civ.P. 37) the Eighth Circuit Court of Appeals has held that a failure to answer interrogatories may be the basis for dismissal of an action. *Denton v. Mr. Swiss of Missouri, Inc.*, 564 F.2d 236 (8th Cir.1977); *Fox v. Studebaker–Worthington, Inc.*, 516 F.2d 989 (8th Cir.1975). *See also, Duncan v. Pennington County Housing Auth.*, 382 N.W.2d 425 (S.D.1986) (circuit court has inherent power and authority to dismiss an action to manage its own affairs and to achieve the orderly and expeditious disposition of cases). A dismissal on this basis will not be reversed absent an abuse of discretion. *Fox, supra; see also Schwartzle v. Austin Co.*, 429 N.W.2d 69 (S.D.1988); *Duncan, supra.* However, where the sanction of dismissal is imposed, the trial court's discretion is narrow and the losing party's noncompliance with discovery must be due to willfulness, fault or bad faith. *Denton, supra; Fox, supra.* Thus, it is the *willful* failure to answer interrogatories that may serve as a basis for dismissal of an action. *Id.*

 In this instance, Van Zee's counsel ignored five separate opportunities to answer Reding's interrogatories including three separate letters from Reding's counsel and one court order. Further, there is nothing in the record to indicate any reason for the failure to answer. Therefore, we cannot characterize Van Zee's failure to answer the interrogatories as anything but a willful failure.

Accordingly, we find no abuse of discretion by the trial court in dismissing Van Zee's action.

The order of dismissal is affirmed.

SABERS, J., disqualified.

---

* The order of dismissal does recite that the trial court had been advised that Van Zee had not, and did not intend to hire an expert. However, since the trial court clearly granted the motion to dismiss, which did not raise the issue of an expert witness, we must conclude that this language was merely gratuitous.