1999 SD 100

**Paul SCHWARTZ, Plaintiff and Appellant,**

v.

**Jay Michael PALACHUK and Future Fast Freight, Inc., Defendants and Appellees.**

**No. 20735.**

Supreme Court of South Dakota.

Considered on Briefs on June 1, 1999.

Decided July 28, 1999.

---

Glenn J. Boomsma of Breit Law Offices Sioux Falls, South Dakota and John P. Abbott of Abbott Law Offices, Brandon, South Dakota, Attorneys for plaintiff and appellant.

Michael L. Luce and Dana M. Van Beek of Davenport, Evans, Hurwitz and Smith, Sioux Falls, Attorneys for defendants and appellees.

GILBERTSON, Justice

[¶ 1.] Personal injury claimant appeals the denial of his motion to set aside the judgment of dismissal for failure to comply with discovery and lack of prosecution. We affirm.

## FACTS

[¶ 2.] On April 28, 1996, an auto accident occurred on Interstate 29 near Baltic, South Dakota. A semi-trailer truck owned by Future Fast Freight, Inc. of Canada

and driven by Jay Michael Palachuk (collectively defendants) slammed into the back of a Jeep Cherokee. The Jeep Cherokee was driven by Brian Kirsch. Paul Schwartz (Schwartz) and Kevin Erks were passengers in the Cherokee.[1]

[¶ 3.] On December 23, 1996, Schwartz, then represented by attorney Scott G. Hoy (Hoy), filed a complaint against Palachuk and his employer Future Fast Freight. In the complaint Schwartz alleged negligence on the part of both defendants and requested damages for medical expenses, permanent injuries, permanent disability, loss of earnings and loss of enjoyment of life.

[¶ 4.] As the parties began discovery, Schwartz was served with interrogatories. Schwartz answered the interrogatories in February of 1996, but specifically refused to answer interrogatory number 29(b). The question read as follows:

> State whether or not you have ever been a party plaintiff or a party defendant in any prior legal proceedings and, ... if the proceeding was criminal in nature ... state whether or not you were convicted of the crime charged, the nature of the criminal offense, and the place of and date of conviction.

Schwartz replied:

> In regards to criminal proceedings, Plaintiff objects to this interrogatory on the grounds that such information is not relevant to the issues of this case. Without waiving stated objection, plaintiff agrees to take this matter before the Court prior to trial for the purpose of determining its relevancy.

[¶ 5.] Schwartz also objected to interrogatory number 30(c). In this question, he was specifically asked about his drug use within the twenty-four (24) hours preceding the accident:

> If you had taken any drugs or narcotics within the twenty-four (24) hours preceding the accident, state what kind of drugs or narcotics were taken, when they were taken, and in what dosages, who administered them to you, and the purpose for which they were taken.

His reply to this question was:

> Plaintiff objects to this interrogatory on the basis that such information is protected under the 5th Amendment of the United States Constitution. Plaintiff further objects to this interrogatory on the basis that such information is not relevant to the issue of liability or damages. Plaintiff without waiving said objection agrees to take this matter before the Court for determination of these issues prior to trial.

[¶ 6.] Defendants, by letter, took issue with Schwartz' failure to answer these two interrogatories. On April 30, 1997, Schwartz filed a motion for a protective order pursuant to SDCL 15–6–26(c) asking the court to limit the scope of discovery and not allow the defendants to inquire into Schwartz' criminal history or drug use. However, on June 5, 1997 the court entered an order to compel Schwartz to answer interrogatories 29 and 30.[2] Schwartz never answered the interrogatories.

[¶ 7.] Over one year later on June 29, 1998, Hoy filed a motion with the court to withdraw as Schwartz' counsel. Apparently, Hoy and his client had an ongoing dispute regarding the means by which to handle the personal injury claim. The court granted the order allowing Hoy to withdraw from the case.

[¶ 8.] On July 9, 1998, the defendants filed a motion to dismiss the case pursuant to SDCL 15–11–11 and 15–6–41(b). They claimed Schwartz had failed to prosecute

---

1. Kevin Erks also filed suit against the defendants but later settled out of court.

2. After obtaining the order to compel, the defendants entered into a stipulation with Schwartz that the answers to these two interrogatories were not to be disclosed to third parties without court authorization. This stipulation was subsequently incorporated into an amended order to compel.

this case and there had been no activity for a period of well over one year with no good cause being shown by Schwartz for the inactivity. Defendants further alleged Schwartz had not complied with the discovery order.

[¶ 9.] On August 11, 1998, a hearing was held on the defendants' motion to dismiss pursuant to SDCL 15–11–11, 15–6–41(b), 15–6–37(b)(2)(C) and 15–6–37(d). That day attorney Grant Alvine (Alvine) called Michael Luce (Luce), the attorney for the defendants, and the court and requested that the hearing be postponed until later in the day. Alvine informed the court he had been contacted by Schwartz late the previous week and had not had a chance to review the file. The court indicated it would not postpone the hearing as Schwartz had been expressly warned by the trial court to get an attorney and the hearing had been set for some time.

[¶ 10.] At the hearing, the only party present was the defendants' attorney, Luce. The trial court found Schwartz had not complied with the court's discovery order and failed to prosecute the case as required by South Dakota statutes and case law. The trial court entered judgment for the defendants.

[¶ 11.] Schwartz then hired attorneys Glenn Boomsma (Boomsma) and John Abbott (Abbott) to represent him. They filed a motion to set aside the judgment of dismissal. Schwartz claimed he had good cause not to appear on August 11 because he had a personal situation that emotionally prevented him from appearing in court.

[¶ 12.] On October 7, 1998, the trial court held a hearing on Schwartz' motion to set aside the judgment. The court considered an affidavit from Schwartz explaining his lack of prosecution and failure to comply with the discovery order. In the affidavit Schwartz stated he received notice of the hearing in July and he wrote the date and time on his calendar. However, on August 6, 1998 his seven-year relationship with Becky Johnson ended when she moved her property out of their shared residence and the residence was left in an upheaval. Schwartz claimed his personal calendar was missing and he could not locate it. Schwartz further claimed he was crushed by the break-up and was so devastated that he prepared a suicide note and handwritten will on August 7, 1998. Because he was unable to locate his personal calendar, Schwartz thought the motion to dismiss hearing was on or around August 20th. On August 11th, the day of the motion hearing, Schwartz was contacted by a Minnehaha County Deputy Sheriff who told him he needed to be at the residence at 1:00 so that Becky Johnson could remove the remainder of her property.

[¶ 13.] Besides blaming Hoy, Schwartz placed some of the blame on the attorneys he subsequently hired or attempted to hire. He claimed after Hoy withdrew on June 30, 1998, he attempted to hire several other replacement attorneys. He consulted with attorney Thomas Farrell (Farrell) and attorney Alvine. He claimed Farrell kept his file for three weeks before he declined to represent him. He sought out Alvine's representation three days before the hearing. Schwartz further claimed he was not aware he was in violation of the court's order by not complying with the discovery request. He alleged on several occasions he provided the discovery answers to Hoy. Schwartz claims Hoy failed to file the supplemental response.

[¶ 14.] The trial court entered an order denying Schwartz' motion to set aside the judgment. The court found Schwartz did not make a sufficient showing to establish excusable neglect or any other legal basis to set aside the judgment. It was unconvinced as to Schwartz' complete devastation at the breakup of his seven-year relationship.

[¶ 15.] Schwartz appeals raising the following issue:

Whether the trial court erred by denying Schwartz' motion to set aside the judgment.

## STANDARD OF REVIEW

[¶ 16.] The decision to grant or to deny a motion to set aside the judgment under SDCL 15–6–60(b) is within the discretion of the trial court. *Hrachovec v. Kaarup,* 516 N.W.2d 309, 311 (S.D.1994). On appeal we will not disturb the trial court's decision unless we find an abuse of discretion. *Id.* An abuse of discretion consists of "a discretion exercised to an end or purpose not justified by, and clearly against, reason and evidence." *Id.* (quoting *Herndon v. Herndon,* 305 N.W.2d 917, 918 (S.D.1981)).

## DECISION

[¶ 17.] Schwartz filed for relief from the past judgment on the grounds of excusable neglect pursuant to SDCL 15–6–60(b). The statute provides:

On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons:

(1) Mistake, inadvertence, surprise, or excusable neglect[.]

Schwartz claims the trial court erred in dismissing his lawsuit due to noncompliance with discovery requirements and failure to prosecute the action because his neglect was excusable. We do not agree. For the reasons set forth below we do not find any basis from which to say the trial court abused its discretion.

[¶ 18.] The defendants served the interrogatories on Schwartz sometime prior to February 1996. Schwartz filed an answer within that same month but refused to answer questions about his drug use on the day of the accident or his criminal history. He was subsequently ordered by the trial court on June 5, 1997 to produce answers to those two interrogatories. There is nothing in the record that shows his compliance. To this day the questions remain unanswered.

[¶ 19.] SDCL 15–6–37(d) provides:

If a party ... fails ... to serve answers or objections to interrogatories submitted under § 15–6–33, after proper service of the interrogatories, ..., the court in which the action is pending on motion may make such orders in regard to the failure as are just, and among others it may take any action authorized under subdivisions (2)(A), (2)(B), and (2)(C) of § 15–6–37(b).

Under SDCL 15–6–37(b)(2)(C) the trial court is given the discretion to dismiss an action or render judgment for failure to comply with a discovery order.

[¶ 20.] We have held that a failure to answer interrogatories may be used as a justification for dismissing an action. *Van Zee v. Reding,* 436 N.W.2d 844, 845 (S.D.1989) (citing *Denton v. Mr. Swiss of Missouri, Inc.,* 564 F.2d 236 (8th Cir. 1977); *Fox v. Studebaker–Worthington, Inc.,* 516 F.2d 989 (8th Cir.1975)). Only willful failure to answer the interrogatories may serve as a basis for dismissal. *Van Zee,* 436 N.W.2d at 845. Noncompliance of a discovery order must be due to "willfulness, fault or bad faith." *Id.*

[¶ 21.] Ordinarily under SDCL 15–6–33(a), parties have 30 days within to answer interrogatories served on them. That was the applicable time in this case. Luce wrote Hoy on May 13, 1997, requesting the interrogatories be answered. The record is void of any response. The mandate of the statute was subsequently further enforced by a direct court order on June 13, 1997, compelling Schwartz to answer the interrogatories. On August 28, 1997, Luce wrote Hoy reminding Hoy of the trial court's order compelling answers that had not been provided. Again on September 18, 1997, Luce wrote to Hoy complaining the answers had not been furnished and stating Luce was prepared to seek "another hearing to compel the answers that the Court ordered." Luce sent a similar letter to Hoy on October 2, 1997. Luce followed this up with yet another letter on October 28, 1997. Finally, on November 26, 1997 Luce wrote to Hoy

pointing out the order to compel was now many months old and if answers were not received, Luce was prepared to proceed with another hearing. According to the record, silence was the only response. The trial court concluded Luce's letters were "virtually ignored." Even at that, Luce did not bring on his motion to dismiss until July of 1998 over a full year after Schwartz had been ordered to provide the answers. When the August 1998 hearing on the motion to dismiss was held, the interrogatories still had not been answered.

[¶ 22.] Schwartz' only defense for noncompliance is that he gave his attorney the answers, however, Hoy never drafted and filed them. In *Midcontinent Broadcasting Co., v. AVA Corp.*, 329 N.W.2d 378, 380 (S.D.1983) (quoting *Ackerman v. Burgard*, 79 S.D. 119, 124, 109 N.W.2d 10, 12 (1961)) we held:

> [T]he mistake or negligence of an attorney will not be imputed to the client as a bar to relief where (1) the act or omission of the attorney is excusable or (2) the defendant himself is free from neglect in the matter.

There is a lack of evidence in the record to validate Schwartz' argument on this point. The trial court concluded while Hoy provided an affidavit that supported Schwartz' claim of on-going negotiations with the insurance company, Hoy failed to support Schwartz' claim that he had provided the answers to Hoy. Hoy in fact in the same affidavit labeled Schwartz' conduct as uncooperative. Further, the trial court at the hearing on Hoy's motion to withdraw on June 29, 1998, directly informed Schwartz there still were "outstanding documents that had to be answered." [3] "Clients must take some responsibility for inquiring into their affairs and cannot blindly rely upon legal counsel." *Id.* (citation omitted). *See also First Federal Sav. & Loan Ass'n v. Strub*, 427 N.W.2d 836, 837–38 (S.D.1988).

[¶ 23.] Schwartz argues that lesser sanctions could have been imposed. The authority of the trial court concerning sanctions is flexible and allows the court "broad discretion with regard to sanctions imposed thereunder for failure to comply with discovery orders." *Chittenden & Eastman Co. v. Smith*, 286 N.W.2d 314, 316 (S.D.1979). Given the fact he ignored the mandate of the statute, a court order to compel, numerous follow-up letters from Luce and a final direct admonishment from the trial court, dismissal is appropriate. [4] A statutory mandate and a court order are not invitations, requests or even demands; they are mandatory. Those who totally ignore them in this manner should not be heard to complain that a sanction was too severe. When a party has the duty to go forward with a case and instead repeatedly flouts judicial procedures, he should not be surprised when his subsequent pleas for judicial relief are not granted. If this is not the "extreme circumstances" envisioned in *Aberle v. Rin-*

---

3. The trial court further admonished Schwartz:
   > And I told Mr. Schwartz, okay, Mr. Hoy is out of the case but this does not relieve you of your obligation to push the case forward to proceed to a conclusion to prosecute the case which is the function of the plaintiff even if you don't have a lawyer, and I strongly urged on him that day over Mr. Luce's reluctance to allow Mr. Schwartz some additional time to get an attorney.

4. Schwartz proposes the alternative sanction of deeming the interrogatories admitted.

With regard to interrogatory 29, the defendants requested specifics as to the nature of the offenses, whether Schwartz was convicted and the date and place of conviction. In interrogatory 30, the defendants requested information regarding the kind of drugs that may have been taken prior to the accident, when, in what dosages and the reason for taking it. Thus, these interrogatories could not be deemed admitted and such a sanction would provide little, if any, evidentiary value to the defendants.

*ghausen,* 494 N.W.2d 179, 182, 183 (S.D. 1992), it would be hard to envision what would fall within that standard.

[¶ 24.] There is no showing the trial court abused its discretion in refusing to grant the motion to set aside the judgment. We affirm.[5]

[¶ 25.] MILLER, Chief Justice and SABERS, AMUNDSON, and KONENKAMP, Justices, concur.

---

5. As we affirm the dismissal on this basis it becomes unnecessary to review the trial court's second independent basis for dismissal, that being want of prosecution under SDCL 15–11–11.