2003 SD 6

**James E. STORM and Barbara Storm, husband and wife, Plaintiffs and Appellants,**

v.

**Samuel J. DURR, M.D., individually and d/b/a The Heart Doctors, Cardiology Associates, P.C.; Kenneth D. Stahl, M.D., individually and d/b/a Kenneth D. Stahl, M.D., P.C.; and Steven Hata, M.D., individually and d/b/a Black Hills Neurology, Defendants and Appellees.**

No. 22362.

Supreme Court of South Dakota.

Considered on Briefs Nov. 18, 2002.

Decided Jan. 15, 2003.

Lee C. "Kit" McCahren of Olinger, Lovald, Robbennolt and McCahren, Pierre, South Dakota, Attorneys for plaintiffs and appellants.

Gregory G. Strommen of Costello, Porter, Hill, Heisterkamp, Bushnell & Carpen-

ter, Rapid City, South Dakota, Attorneys for defendants and appellees.

SABERS, Justice.

[¶ 1.] James and Barbara Storm (Storm) brought a medical malpractice action against Dr. Durr and his medical office, Cardiology Associates (Durr), and two other doctors. From the time the complaint was filed on August 21, 2000 until May 29, 2001, Storm acted pro se. Only the suit against Durr and Cardiology Associates remains, the complaints against the other defendants were dismissed with prejudice by stipulation of the parties. The trial court dismissed the suit against Durr for failure to obey court orders regarding discovery and for failure to prosecute the claim. Storm appeals. We affirm.

## FACTS

[¶ 2.] Paragraph 34 of Storm's complaint provided,

Plaintiffs have, prior to commencement of this action, secured the opinion of a licensed physician, Dr. Morton Willcutts, Jr., of Chamberlain, South Dakota, supporting their contentions of negligent acts or omissions by said defendants and each of them, as set forth above.

Durr filed his answer on September 25, 2000 and served interrogatories on Storm on October 16, 2000. The interrogatories requested that Storm identify the expert witness, the subject matter upon which he was expected to testify, the substance of his facts and opinions and the grounds for those opinions, and the resources he relied upon. Storm did not answer the interrogatories and Durr subsequently granted Storm an extension until December 15, 2000. Answers to the interrogatories were not received and on March 29, 2001, the trial court, Judge John Fitzgerald, sent a letter to the parties noting there had been no activity on the case for six months and requesting that they proceed.

[¶ 3.] On April 12, 2001, Durr filed a motion to compel discovery. The motion was granted on May 23, 2001 and Storm was ordered to respond to "all of the outstanding interrogatories ... no later than Monday, June 4, 2001." During the hearing, the court told Storm, "[l]isten to me, this is about a year old. If we don't get your answers within about two weeks, I'm going to dismiss your action." Twice more during the hearing the judge informed the Plaintiffs that their case would be dismissed if they did not comply with the order. The court also strongly recommended that Storm retain counsel. A status hearing was scheduled for June 11, 2001 to address compliance with the order.

[¶ 4.] As of the June 11 hearing, Storm retained counsel, but had not complied with the order. Counsel for one of the defendants wrote to Storm's attorney on June 11 informing him of the order. Counsel also sent a Notice of Entry of Order along with the court's order to Storm's attorney. On June 12, 2001, the trial court rendered a second order which required Storm to,

[d]isclose all expert witnesses to be called at trial by July 13, 2001, and said disclosures shall contain all information required pursuant to SDCL 15–6–26(b)(4), including, but not limited to, the following:

a. Each person Plaintiffs expect to call as an expert witness at trial;

b. The subject matter upon which the expert witness is expected to testify;

c. The substance of the facts and opinions to which the expert is expected to testify; and

d. A summary of the grounds for each opinion.

Storm had not responded to the order as of July 12, 2001. On July 19, 2001, counsel for Storm requested additional time to respond to discovery and he was granted a six-week extension. Finally, on September 15, 2001, Storm served answers to the interrogatories. Despite the court's explicit order, Storm's answer merely provided: "Dr. Martin Willcutts, Chamberlain, South Dakota. As soon as a report is produced, it will be provided."

[¶ 5.] Durr responded to Storm's answer with a letter on September 18, 2001, requesting more complete answers to interrogatories, a deposition time within thirty days for Dr. Willcutts, and a copy of his report within two weeks. Storm replied with a note on September 25, 2001, indicating that Willcutts had not produced a report and stating, "when there is a scheduling order in effect and we are in a position to do so, we will supplement the answers to interrogatories." Willcutts' report was not turned over to Durr until December 20, 2001, the day before the hearing on Durr's motion to dismiss. Dr. Willcutts was never deposed.

[¶ 6.] Durr filed his motion to dismiss Storm's action for failure to comply with a court order (SDCL 15–6–37(b)) and for failure to prosecute or comply with order of the court (SDCL 15–6–41(b)) on December 7, 2001. Judge Tice, who replaced the late Judge Fitzgerald on the case, granted the motion on grounds of failure to comply with repeated orders of the court. In the order of dismissal, the court specifically found that, "no good cause has been shown for the Plaintiffs' failure to obey court orders regarding discovery." Storm submitted a motion for reconsideration arguing that had counsel for Storm been originally retained, the problems with discovery would not have occurred. Shortly thereafter, Storm filed an amended motion for reconsideration arguing that the court had inadvertently converted the motion to dismiss into a motion for summary judgment and requesting that the suit be reinstated. After reviewing the record, the court responded to counsel with a letter indicating that the motion had not been converted and that the suit was dismissed.

[¶ 7.] Storm appeals arguing that the motion to dismiss was converted into a summary judgment motion without notice to all parties and that the dismissal was unwarranted because they complied with the court order. Although Storm does not specifically state the issues on briefing, we believe there are two issues to be determined on this appeal:

1. Whether the trial court improperly converted the motion to dismiss into a motion for summary judgment without notice to all parties.

2. Whether the trial court abused its discretion in granting the motion to dismiss the suit for failure to obey court orders and failure to prosecute.

**STANDARD OF REVIEW**

[¶ 8.] We review a dismissal on the basis of failure to comply with discovery orders under an abuse of discretion standard. *Van Zee v. Reding,* 436 N.W.2d 844, 845 (S.D.1989) (citations omitted). "The term 'abuse of discretion' refers to 'a discretion exercised to an end or purpose not justified by, and clearly against, reason and evidence.'" *Hrachovec v. Kaarup,* 516 N.W.2d 309, 311 (S.D.1994) (quoting *Herndon v. Herndon,* 305 N.W.2d 917, 918 (S.D. 1981)).

[¶ 9.] **1. WHETHER THE TRIAL COURT IMPROPERLY CONVERTED THE MOTION TO DISMISS INTO A MOTION FOR SUMMARY JUDGMENT WITHOUT NOTICE TO ALL PARTIES.**

[¶ 10.] Storm argues that the trial court granted summary judgment rather

than dismissal. The argument is based on comments made by the judge in correspondence with counsel and at the hearing on the motion to dismiss. Significantly, the argument is not based on evidence considered by the court in determining whether to grant the motion. Rather, Storm asserts that at the hearing on the motion to dismiss, the trial court inquired whether the expert's report had been submitted to the court. Further, in response to Storm's motion for reconsideration, the judge wrote a letter denying the motion and stating in part, "I do not find it an easy matter to grant a summary judgment." Given that a trial court must give the parties notice that it is converting the motion, Storm argues the lawsuit should be reinstated.

[¶ 11.] A motion to dismiss for failure to state a claim upon which relief can be granted should be converted into a motion for summary judgment if matters extraneous to the pleadings are "presented to, and not excluded by, the trial court." SDCL 15-6-12(b); *See also, Cooper v. Merkel,* 470 N.W.2d 253, 255 (S.D.1991). We find nothing in the record to indicate that the trial court improperly considered matters outside the pleadings. Furthermore, Storm points to nothing in the record to indicate that matters outside the pleadings were improperly considered. Finally, the assertion that the trial court considered matters outside the pleadings is irrelevant here because this was not a motion to dismiss for failure to state a claim upon which relief could be granted under SDCL 15-6-12(b).* As indicated, these were motions to dismiss based on failure to prosecute and obey court orders. In fact, it is

often necessary to consider matters outside the pleadings to determine whether a case should be dismissed for failure to prosecute or failure to comply with court orders.

[¶ 12.] In its oral decision at the hearing on the motion to dismiss, the trial court stated in part, "I'm going to grant the motion to dismiss on the grounds of failure to comply with repeated orders of the court." The court further stated that there was no good cause "suggested or indicated" for the Plaintiffs' failure to abide by the court's orders. All of the inquiries the court made during the course of the hearing dealt specifically with Storm's failure to comply with the orders. After the hearing, the court reviewed its decision and Plaintiffs' motion for reconsideration and stated his decision was failure to comply with the court's orders rather than granting summary judgment.

[¶ 13.] At the hearing, the trial court was initially confused as to whether the motion was one to dismiss or one for summary judgment. This confusion was rectified by counsel for the defendant before the court began its inquiry into whether to grant the motion. The trial court was clear in his order that he was dismissing the case based on failure to obey the court's orders to compel, but he also referred to his decision as a grant of summary judgment in a subsequent letter to counsel. However, "[a]ny expression of opinion or views by the trial judge extraneous to his decision in the manner and form contemplated by law is of no binding force and effect as a matter of law either upon the trial judge himself or anyone

---

* SDCL 15-6-12(b) provides in part:

> If, on a motion asserting the defense numbered (5) *to dismiss for failure of the pleadings to state a claim upon which relief can be granted,* matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment ... and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by § 15-6-56.
> (emphasis supplied).

else." *Christiansen v. Strand*, 82 S.D. 416, 420, 147 N.W.2d 415, 417 (1966) (citations omitted). The trial court was not entirely clear either at the hearing or in the subsequent letter. Regardless, he did not convert the motion into one for summary judgment. Therefore, we decline to order reinstatement of Storm's lawsuit on that basis.

[¶ 14.] **2. WHETHER THE TRIAL COURT ABUSED ITS DISCRETION IN GRANTING THE MOTION TO DISMISS FOR FAILURE TO OBEY COURT ORDERS AND FAILURE TO PROSECUTE.**

■ [¶ 15.] Despite the trial court's holding that the case was dismissed for failure to obey court orders and to prosecute, Storm failed to directly address these issues on brief. Instead, Storm continues to argue that they are in full compliance with the court orders regarding discovery and that they fully answered Durr's requests for interrogatories. We find these arguments to be without merit. The trial court's order was clear. To find that Storm complied would be to ignore the language of the order. Nevertheless, given that dismissal is a severe sanction, we will address the issue of whether the trial court abused its discretion despite lack of argument on the issue from Storm. We hold that the trial court did not abuse its discretion.

■ [¶ 16.] Under SDCL 15–6–33(a), a party is required to answer interrogatories within 30 days of service. Failing to answer interrogatories may be the basis for dismissal. *Van Zee*, 436 N.W.2d at 845 (citations omitted). Furthermore, SDCL 15–6–37(b)(2)(C) allows a trial court to dismiss an action for plaintiffs' failure to obey a court order. The trial court has broad discretion in imposing sanctions for failure to comply with orders for discovery. *Chit-*

*tenden & Eastman Co. v. Smith*, 286 N.W.2d 314, 316 (S.D.1979). However, when the trial court imposes dismissal as a sanction, its discretion is "narrow, and the losing party's noncompliance with discovery must be due to willfulness, fault or bad faith." *Van Zee*, 436 N.W.2d at 845 (citing *Denton v. Mr. Swiss of Missouri, Inc.,* 564 F.2d 236 (8th Cir.1977) and *Fox v. Studebaker–Worthington, Inc.*, 516 F.2d 989 (8th Cir.1975)).

[¶ 17.] Storm ignored the initial request for interrogatories and letters from counsel for the defendants. They also flouted the statutory mandate requiring them to answer the interrogatories within thirty days. Even more egregious was Storm's blatant disregard of two court orders. "A statutory mandate and a court order are not invitations, requests or even demands; they are mandatory. Those who totally ignore them ... should not be heard to complain that a sanction was too severe." *Schwartz v. Palachuk*, 1999 SD 100, ¶ 23, 597 N.W.2d 442, 447.

[¶ 18.] To date, Storm has failed to show an absence of good cause to dismiss the action. In fact, throughout the various hearings and briefings on this matter, Storm has not presented a single reason for failing to comply with the court's orders. Instead, counsel for Storm persisted in asserting that they were not in violation of the order. Counsel further suggested 1) that Judge Fitzgerald would not have entered a scheduling order for the Plaintiffs only and 2) that Plaintiffs had no duty to provide the information until a scheduling order was in place. Neither of the arguments acknowledged the order, nor did anything to prevent the court from finding good cause to dismiss.

[¶ 19.] Plaintiffs' expert witness report was not turned over to Durr until the day before the hearing on the motion to dismiss. This was a full fourteen months

after the interrogatories were served, and five months after the last deadline placed by the trial court. It is telling that the report from Plaintiffs' expert, dated 12–19–01, was addressed to Plaintiffs' counsel and began with the line, "[i]n response to your letter of 12–10–01." This letter is the only document in the record indicating Plaintiffs made any request for a report, and that request was made five months after the final deadline. If Plaintiffs believed they were in compliance with the order, they would not have felt compelled to provide the report the day before the hearing after having delayed for over a year after the initial request.

[¶ 20.] Storm named the expert witness in the complaint, yet failed for over a year to produce a report or complete answers to the interrogatories, despite repeated requests. Furthermore, Storm was specifically informed at the first hearing on the motion to compel that failure to comply within two weeks would subject the suit to dismissal, yet they waited another six months to comply. All of the facts taken together in this case clearly display willful disobedience, without good cause, of two clear court orders and a statute. This is sufficient willfulness to support the dismissal. We affirm.

[¶ 21.] GILBERTSON, Chief Justice, and KONENKAMP and ZINTER, Justices, and AMUNDSON, Retired Justice, concur.

[¶ 22.] MEIERHENRY, Justice, not having been a member of the Court, at the time this action was submitted to the Court, did not participate.