#28048-a-GAS
**2017 S.D. 66**

IN THE SUPREME COURT
OF THE
STATE OF SOUTH DAKOTA

\* \* \* \*

LAURA COLONI,                                              Plaintiff and Appellant,

        v.

JOHN COLONI and
BRYAN SPRINGER,                                        Defendants and Appellees.

\* \* \* \*

APPEAL FROM THE CIRCUIT COURT OF
THE FOURTH JUDICIAL CIRCUIT
MEADE COUNTY, SOUTH DAKOTA

\* \* \* \*

THE HONORABLE JEROME A. ECKRICH, III
Retired Judge
\* \* \* \*

JAY C. SHULTZ
Rapid City, South Dakota                              Attorney for appellant.


BARBARA ANDERSON LEWIS of
Lynn, Jackson, Shultz &
  Lebrun, PC
Rapid City, South Dakota                              Attorneys for appellee John
                                                      Coloni.


HEATHER M. LAMMERS BOGARD
Costello, Porter, Hill, Heisterkamp,
  Bushnell & Carpenter, LLP
Rapid City, South Dakota                              Attorneys for appellee Bryan
                                                      Springer.

\* \* \* \*

CONSIDERED ON BRIEFS
ON OCTOBER 2, 2017
OPINION FILED **11/01/17**

#28048

SEVERSON, Justice

[¶1.] Laura Coloni sued John Coloni and Bryan Springer for injuries sustained in a motorcycle accident. Almost two years after Laura filed her complaint, the circuit court granted Springer's motion to dismiss. The court dismissed Laura's case because Laura failed to comply with two discovery orders and did not pay an attorney's fees sanction ordered for her failure to comply with a motion to compel discovery. Laura appeals raising three issues, which we restate as follows:

1. Whether the circuit court erred in granting Springer's motion for a sanction of attorney's fees against Laura for her failure to produce documents.

2. Whether the circuit court erred in dismissing Laura's complaint as a sanction for failing to produce IRS Form W-2s.

3. Whether the circuit court erred in dismissing Laura's complaint as a sanction for failure to pay the attorney's fees sanction.

We affirm.

## Background

[¶2.] In August of 2014, Laura sued John and Springer alleging negligence and seeking money damages for injuries sustained in a motorcycle accident. On December 4, 2015, as part of that action, the circuit court entered an order compelling Laura to produce her W-2 wage statements (W-2s) from 2004 up to the date of the hearing. The deadline to produce the W-2s was December 17, 2015. Laura failed to meet that deadline, and on January 21, 2016, Springer filed a motion to compel seeking Laura's W-2s and other records. On March 9, 2016, the

-1-

circuit court granted Springer's motion and ordered Laura to produce the requested documents within thirty days. The order also assessed attorney's fees in the amount of $1,151.16 for Laura's failure to comply with discovery.

[¶3.]     After the thirty days had expired, Laura did not produce W-2s from 2004-2007, 2009-2010, and 2012-2014. She also did not pay the attorney's fees sanction. On June 2, 2016, Springer filed a motion to dismiss. On September 13, 2016, the court heard the motion.

[¶4.]     On October 22, 2016, the court released its findings of fact and conclusions of law. The court's findings noted Laura could have obtained the equivalent of the requested information by filing an SSA-7050-F4 with the Social Security Administration. The court also found Laura failed to, in the alternative, make a motion for a protective order or supplement discovery to indicate she did not intend to seek lost wages or loss of future earnings.

[¶5.]     The circuit court's conclusions of law stated, in full, that:

1. Plaintiff has violated this court's orders dated December 3, 2015, and March 3, 2016 regarding Plaintiff's discovery obligations in this case.

2. Plaintiff's violations of said orders and her failure to cooperate in discovery were in bad faith.

3. Plaintiff's violations of said orders and her failure to cooperate in discovery have prejudiced Defendant Springer.

4. Plaintiff's bad faith violation of discovery orders presents a need for deterrence.

5. Plaintiff was previously warned that continued failure to cooperate in discovery and to obey this court's orders could result in the dismissal of her complaint.

6. The lesser sanction of an award of attorney's fees has been attempted against Plaintiff, but failed to obtain Plaintiff's compliance, with Plaintiff even failing to comply with that sanction.

7. The only appropriate sanction now is dismissal of Plaintiff's complaint pursuant to SDCL 15-6-37(b)(2)(c).

The circuit court dismissed Laura's complaint with prejudice. Laura appeals this order.

## Standard of Review

[¶6.] "We review a dismissal on the basis of failure to comply with discovery orders under an abuse of discretion standard." *Storm v. Durr*, 2003 S.D. 6, ¶ 8, 657 N.W.2d 34, 36. "An abuse of discretion is 'a choice outside the range of permissible choices[.]'" *Rumpza v. Zubke*, 2017 S.D. 49, ¶ 7, 900 N.W.2d 601, 604 (quoting *MacKaben v. MacKaben*, 2015 S.D. 86, ¶ 9, 871 N.W.2d 617, 622). "The trial court has broad discretion in imposing sanctions for failure to comply with orders for discovery." *Storm*, 2003 S.D. 6, ¶ 16, 657 N.W.2d at 38. "However, when the trial court imposes dismissal as a sanction, its discretion is 'narrow, and the losing party's noncompliance with discovery must be due to willfulness, fault or bad faith.'" *Id.* (quoting *Van Zee v. Reding*, 436 N.W.2d 844, 845 (S.D. 1989)). "We will accept the circuit court's factual findings unless they are clearly erroneous." *Rumpza*, 2017 S.D. 49, ¶ 7, 900 N.W.2d at 604

## Analysis

*1. Whether the circuit court erred in granting Springer's motion for a sanction of attorney's fees against Laura for her failure to produce documents.*

[¶7.] Laura claims she made a good faith attempt to obtain the requested W-2s. She also claims the record in this case showed that she had substantially justified her inability to produce all the documents. She argues that the sanction of attorney's fees was inappropriate.

[¶8.] SDCL 15-6-37(a)(4)(A) authorizes the assessment of expenses and sanctions against a party failing to comply with an order to compel. The statute allows a circuit court to:

> require the party or deponent whose conduct necessitated the motion . . . to pay to the moving party the reasonable expenses incurred in obtaining the order, including attorneys' fees, unless the court finds that the motion was filed without the movant's first making a good faith effort to obtain the disclosure or discovery without court action, or that the opposing party's nondisclosure, response or objection was substantially justified or that other circumstances make an award of expenses unjust.

*Id.*

[¶9.] In the order approving the sanction of attorney's fees, the circuit court found Laura exhibited a "chronic failure to respond to legitimate discovery requests." It also found the calculation of attorney's fees was reasonable considering the locale and the experience of the attorney. The circuit court also pointed out that "prompt discovery responses are a necessary function of the efficient administration of justice [and] attorney fees are allowed by statute."

[¶10.] The circuit court's findings were reasoned and sufficiently justified the imposed sanctions as allowed by the statute. It found the attorney's fees were reasonable; expressed Laura's "chronic failure" to respond to discovery requests; indicated Springer had made good faith attempts to obtain the requested documents; and noted that Laura's attempts to explain nondisclosure were

-4-

inadequate. The circuit court did not abuse its discretion in ordering the attorney's fees sanction on the motion to compel.

## 2. *Whether the circuit court erred in dismissing Laura's complaint as a sanction for failing to produce IRS Form W-2s.*

[¶11.] Regarding the motion to dismiss, Laura again claims she made repeated, earnest attempts to obtain copies of her missing W-2s. She also contends Springer was aware of Laura's difficulty obtaining some of the requested W-2s and that Laura would not be making a claim for loss of future earnings, making the requested W-2s irrelevant. For these reasons, Laura maintains the dismissal of her complaint is drastic and unjustifiable.

[¶12.] Here, the circuit court issued extensive factual findings to arrive at its conclusions. In particular, the court found: Laura violated two discovery orders in bad faith; Laura's violation of those orders prejudiced Springer; and Laura was warned that her failure to produce the requested documents could warrant a dismissal of her case. The court stated it had already imposed the lesser sanction of attorney's fees, and therefore, dismissal was appropriate as a more severe sanction. These findings are free of any clear error. The court's "narrow" discretion in dismissing Laura's case was supported by a finding of bad faith. *Storm*, 2003 S.D. 6, ¶ 16, 657 N.W.2d at 38.

[¶13.] Laura's failure to produce documents or take alternative measures during discovery resulted in a lack of substantial action on her case for almost two years after filing. The circuit court did not err in stating her actions hindered the "efficient administration of justice." The court's order to dismiss Laura's case was

permitted by statute and well within allowable parameters. There was no abuse of discretion.

[¶14.] For the same reasons, there was also no abuse of discretion when the court dismissed Laura's case on the secondary basis that she failed to pay the attorney's fees sanction ordered as an expense. Thus, we do not further address the third issue.

## Conclusion

[¶15.] The circuit court made reasoned factual findings and conclusions of law that Laura's violations of discovery orders and failure to pay the attorney's fees sanction were in bad faith. Laura's actions prejudiced Springer and delayed the administration of justice. Therefore, the circuit court's dismissal of Laura's case was within the range of permissible choices, and there was no abuse of discretion. We affirm on all three issues.

[¶16.] GILBERTSON, Chief Justice, and ZINTER and KERN, Justices, and WILBUR, Retired Justice, concur.